UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ZAVIER M. MILLER,

    Plaintiff,

v.

TPUSA, INC. d/b/a TELEPERFORMANCE USA,

    Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, TPUSA, INC. d/b/a TELEPERFORMANCE USA ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, hereby removes this action currently pending in the Circuit Court in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

### **Background & Introduction**

1. On October 16, 2025, Plaintiff, Zavier M. Miller ("Plaintiff") filed his Complaint in the Circuit Court in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, styled *Zavier M. Miller v. TPUSA, Inc. d/b/a Teleperformance, USA*, Case No. 56-2025-CA-002204 (the "State Action"). Defendant was served with Plaintiff's Complaint on November 11, 2025. This constituted the first legal notice of the State Action for purposes of removal.

2. In accordance with 28 U.S.C. §1446(a), true and correct copies of all documents that have been filed and served in the State Action as of the date of filing this Notice of Removal are attached hereto as "**Composite Exhibit A.**"

3. Counts I and II of the Complaint seeks damages due to alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Counts III and IV of the Complaint seek damages due to alleged violations of the Florida Civil Rights Act of 1992 ("FCRA"), Chapter 760, Florida Statutes.

4. Removal of the State Action to this Court is appropriate because this Court has original (federal question) jurisdiction over Counts I and II of the Complaint, which arise under Title VII, and may exercise supplemental jurisdiction over the derivative state law claims asserted in Counts III and IV of the Complaint. *See* 28 U.S.C. §§ 1331, 1441(a), and 1367(a).

## Argument

5. A party may remove to federal court any civil case filed in a state court if the case originally could have been brought in federal court. *See Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000). Under federal question jurisdiction, the United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. As such, because Plaintiff's Complaint includes claims under Title VII, this civil action is within the original federal question of the United States District Court and may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

6. Further, where a removable claim is joined with one or more otherwise non-removable claims, "the entire action may be removed." 28 U.S.C. § 1441(c). Here, in addition to the federal Title VII claims, Plaintiff's Complaint includes claims arising under state law.

7. In Counts III and IV of the Complaint, Plaintiff adopts and incorporates the same preceding allegations set forth in Counts I and II. Further, Plaintiff's claims under Counts III and IV under the FCRA involve the same factual issues, specifically, whether Defendant has unlawfully discriminated or retaliated against Plaintiff on the basis of his alleged religion.

8. Given this, Plaintiff's state law claims are alleged to arise out of a common nucleus of operative fact with his federal Title VII claims and the Court may thus exercise supplemental jurisdiction over Plaintiff's state law claims. *See Parker v. Scrap Metal Processors, Inc.*, 458 F.3d 733, 743 (11th Cir. 2006) (a court is authorized to exercise supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim); *Espino v. Florida Department of Transportation*, No. 20-22650-CIV-ALTONAGA/Goodman, 2020 WL 12182236, *1 (S.D. Fla. Aug. 18, 2020) ("A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law and state law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding'"). Accordingly, this action is removable in its entirety to this Court pursuant to the provisions of 28 U.S.C. § 1441.

10. This Notice of Removal is being timely filed within thirty (30) days after Defendant's receipt of the initial pleading setting forth the claims for relief upon which removal is based. *See* 28 U.S.C. § 1446(b).

11. A copy of this Notice, along with a separate Notice of Filing Notice of Removal, is simultaneously being filed with the Clerk of the Circuit Court in and for St. Lucie County, Florida, as required by 28 U.S.C. § 1446(d).

12. Pursuant to 28 U.S.C. § 1441(a), the removal of the State Action to the United States District Court for the Southern District of Florida is proper because this district embraces the place in which the State Action has been pending, *i.e.*, the Circuit Court in and for St. Lucie, Florida.

WHEREFORE, Defendant requests that the State Action be removed from the Circuit Court in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, and that it proceed in the United States District Court for the Southern District of Florida, as an action properly removed thereto.

Dated: December 11, 2025

        **AKERMAN LLP**

        */s/ Eric A. Gordon*
        Eric A. Gordon (Fla. Bar No. 071341)
        Primary: eric.gordon@akerman.com
        Secondary: danielle.putnam@akerman.com
        M. Megan Coughlin (Fla. Bar. No. 113667)
        Primary: megan.coughlin@akerman.com
        Secondary: danielle.putnam@akerman.com
        777 South Flagler Drive, Suite 1100 West Tower
        West Palm Beach, FL  33401-6183
        Telephone: (561) 653-5000
        Facsimile: (561) 659-6313

        *Counsel for Defendant, TPUSA, Inc. d/b/a Teleperformance, USA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2025, the foregoing document is being served on all counsel of record identified in the below Service List via e-mail.

        */s/ Eric A. Gordon*
        Eric A. Gordon (Fla. Bar No. 071341)

## SERVICE LIST

Christopher J. Saba
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
csaba@wfclaw.com
tsoriano@wfclaw.com
*Counsel for Plaintiff*