# Composite Exhibit A

**2025CA002204 - MILLER, ZAVIER M vs. TPUSA INC**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| PORTER, MICHAEL | Circuit Civil | DISCRIMINATION-EMPLOYMNT/OTHER |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 2025CA002204 | 562025CA002204AXXXHC | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 10/16/2025 | 10/16/2025 | ☐ |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | | |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | MILLER, ZAVIER M | SABA, CHRISTOPHER JAMES (Main Attorney) |
| DEFENDANT | TPUSA INC | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| 3/2/2026 8:00 AM | E-DOCKET CALL | PORTER, MICHAEL | In Chambers | |

## CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| 📄 1 | 13 | 12/1/2025 | SUMMONS RETURNED SERVED |
| | 12 | 10/31/2025 | CIRCUIT JUDGE PORTER, MICHAEL: ASSIGNED |
| | 11 | 10/20/2025 | E-DOCKET CALL SET FOR 03/02/2026 AT 8:00 AM IN CHAMBERS/ , CIRCUIT JUDGE: NOJUDGEASSIGNED, NOJUDGEASSIGNED |
| 📄 11 | 10 | 10/20/2025 | CASE MANAGEMENT PLAN AND ORDER GENERAL TRACK |
| | 9 | 10/17/2025 | PLAINTIFF ATTORNEY: SABA, CHRISTOPHER JAMES: ASSIGNED |
| 📄 3 | 8 | 10/17/2025 | SUMMONS ISSUED |
| | 9 | 10/17/2025 | PAYMENT $410.00 RECEIPT #2025000096213 RECEIVED FOR FILING NUMBER 233817428 VIA FILINGPAYMENTS20251017235959.TXT. |
| | 7 | 10/16/2025 | CIRCUIT JUDGE NOJUDGEASSIGNED, NOJUDGEASSIGNED: ASSIGNED |
| 📄 2 | 6 | 10/16/2025 | DESIGNATION OF EMAIL ADDRESS |
| 📄 3 | 5 | 10/16/2025 | SUMMONS TO BE ISSUED BY CLERK |
| 📄 9 | 4 | 10/16/2025 | COMPLAINT |
| 📄 3 | 3 | 10/16/2025 | CIVIL COVER SHEET |
| | 1 | 10/16/2025 | CASE FILED 10/16/2025 CASE NUMBER 2025CA002204 |

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

<u>Zavier M Miller</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>TPUSA, Inc.</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  4

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Christopher J Saba       Fla. Bar # 92016
       Attorney or party          (Bar # if attorney)

Christopher J Saba        10/16/2025
  (type or print name)        Date

| | |
|---|---|
| **From:** | eservice@myflcourtaccess.com |
| **Subject:** | SERVICE OF COURT DOCUMENT CASE NUMBER New Case Zavier M Miller VS TPUSA, Inc. |
| **Date:** | Thursday, October 16, 2025 4:15:28 PM |

### Notice of Service of Court Documents

**Filing Information**

| | |
|---|---|
| Filing #: | 233817428 |
| Filing Time: | 10/16/2025 04:15:05 PM ET |
| Filer: | Christopher J Saba 813-321-4086 |
| Court: | Nineteenth Judicial Circuit in and for St. Lucie County, Florida |
| Case #: | New Case |
| Court Case #: | NEW CASE |
| Case Style: | Zavier M Miller VS TPUSA, Inc. |
| **Documents** | **Click on the file name below to download or print your document NOW. The link expires in 14 days** |

**Documents**

| Title | File |
|---|---|
| Other Civil Cover Sheet | CivilCoverSheet.pdf |
| Complaint/Statements Of Claim Complaint | COMPLAINT.pdf |
| Summons To Be Issued By Clerk | Summons - miller.pdf |
| Other Designation Of E-Mail Address | Designation of Email Addresses.pdf |

**E-service recipients selected for service:**

| Name | Email Address |
|---|---|
| Christopher J Saba | csaba@wfclaw.com |
| | tsoriano@wfclaw.com |
| | rcooke@wfclaw.com |

**E-service recipients not selected for service:**

| Name | Email Address |
|---|---|
| No Matching Entries | |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

**Document Access Link(s) will be active for 14 days (excluding weekends) after the Clerk accepts the submission or it is abandoned. In addition to access to the link for 14 days (excluding weekends), the documents will also be available, after acceptance by the Clerk, to counsel of record in the portal on the My Cases page, by clicking on the case number and then the document name, or by accessing the Clerk's website.**

Thank you,
The Florida Courts E-Filing Portal

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION

ZAVIER M. MILLER,

     Plaintiff,

                                    Case No.: 562025CA002204AXXXHC

v.

                                    Division:

TPUSA, INC. d/b/a
TELEPERFORMANCE, USA,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, ZAVIER M. MILLER ("Plaintiff"), by and through undersigned counsel, brings

this action against Defendant, TPUSA, INC. d/b/a TELEPERFORMANCE, USA ("Defendant"),

and in support of his claims states as follows:

### JURISDICTION AND VENUE

     1.     This is an action for damages in excess of $50,000, exclusive of interest, fees, and

costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as

amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992

("FCRA"), Chapter 760, Florida Statutes.

     2.     Venue is proper in St. Lucie County, Florida because all of the events giving rise

to these claims occurred in this County.

### PARTIES

     3.     Plaintiff is a resident of St. Lucie County, Florida, and he worked for Defendant

in St. Lucie County, Florida.

4.     Defendant operates a call center providing business process outsourcing and customer support services in St. Lucie County, Florida.

## GENERAL ALLEGATIONS

5.     Plaintiff has satisfied all conditions precedent, or they have been waived.

6.     Plaintiff has retained the undersigned attorney and agreed to pay a reasonable attorney's fee.

7.     Plaintiff requests a trial by jury on all issues so triable.

8.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA.

9.     At all times material hereto, Defendant employed at least fifteen (15) employees, and was an "employer" within the meaning of Title VII and the FCRA.

10.     Plaintiff is a member of a protected class based on his religion, Rastafarianism, within the meaning of Title VII and the FCRA.

## FACTS

11.     Plaintiff began employment with Defendant on November 6, 2024.

12.     Plaintiff is a practicing Rastafarian whose sincerely held religious beliefs require the crown of his head to be covered outside of his home.

13.     During the application process, onboarding, and training, Plaintiff wore a cap as a religious head covering.  Plaintiff's cap also appeared in his company identification photograph.

14.     Plaintiff trained on November 6 and 7, 2024, without objection to his religious head covering.

15.     On November 8, 2024, a Caucasian security guard confronted Plaintiff in training and demanded he remove his cap, alleging it violated the dress code.

16.     Plaintiff explained the religious significance of his cap and offered to substitute an alternative religious covering, but the guard rejected his explanation, instructed him to remove the cap, and required him to leave the class.

17.     Plaintiff requested to file a religious accommodation, but Defendant's only Human Resources ("HR") representative, "Kenny" (last name unknown), was on vacation and unavailable.

18.     Plaintiff was sent home with training materials and was not permitted to return with alternative attire, causing him to miss a critical day of training.

19.     On November 11, 2024, Plaintiff returned and again sought assistance from HR, but Kenny remained unavailable.

20.     On November 12, 2024, Plaintiff met with Kenny, who acknowledged Plaintiff's concerns, stated he would email corporate to obtain religious accommodation paperwork, and assured Plaintiff he could document his concerns.

21.     Kenny instructed Plaintiff to remove his cap and return to class.   Plaintiff complied, as he had another religious covering underneath.

22.     Later that same day, Defendant terminated Plaintiff by email.

23.     Defendant's stated reason was that Plaintiff failed to pass the pre-certification exam, despite Plaintiff being informed by his instructor that he had until 9:00 a.m. on November 13, 2024, to complete it.

24.     Plaintiff's inability to complete the exam was directly caused by Defendant's conduct of removing him from training and forcing him to go home.

25.     Plaintiff engaged in protected activity by wearing a religious head covering, explaining the religious significance of his attire, and requesting religious accommodation paperwork.

26.     Defendant discriminated against Plaintiff by failing to accommodate his religious beliefs and terminating him because of his religion.

27.     Defendant also retaliated against Plaintiff by terminating him immediately after his protected activity.

<u>**COUNT I – RELIGIOUS DISCRIMINATION - TITLE VII**</u>

28.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29.     Plaintiff is a member of a protected class under Title VII due to his religion.

30.     Defendant discriminated against Plaintiff by:

    a.     Refusing to allow him to wear a religious head covering;

    b.     Sending him home from training; and

    c.     Terminating his employment.

31.     Defendant failed to provide Plaintiff with a reasonable religious accommodation.

32.     Defendant's conduct constitutes unlawful discrimination in violation of Title VII.

33.     As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, and humiliation.

*WHEREFORE*, Plaintiff respectfully requests that this Court:

    a)     Take jurisdiction over this matter and issue process;

    b)     Award Plaintiff compensation for lost wages, benefits, and other remuneration;

c)      Order reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, award front pay;

d)      Award compensatory damages, including damages for emotional distress;

e)      Award punitive damages;

f)      Award prejudgment and post-judgment interest on all dec recovery;

g)      Award Plaintiff his costs and attorney's fees incurred in prosecuting this action;

h)      Enter declaratory and injunctive relief finding Defendant's conduct unlawful and enjoining further violations; and

i)      Award such further relief as this Court deems just and proper.

<u>**COUNT II – RETALIATION – TITLE VII**</u>

34.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

35.     Plaintiff engaged in protected activity under Title VII by requesting a religious accommodation and complaining of discrimination.

36.     Defendant retaliated against Plaintiff by terminating his employment immediately after his protected activity.

37.     Defendant's stated reason for termination was pretextual.

38.     Defendant's conduct constitutes retaliation in violation of Title VII.

39.     As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, and humiliation.

*WHEREFORE*, Plaintiff respectfully requests that this Court:

a)      Take jurisdiction over this matter and issue process;

b)     Award Plaintiff compensation for lost wages, benefits, and other remuneration;

c)     Order reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, award front pay;

d)     Award compensatory damages, including damages for emotional distress;

e)     Award punitive damages;

f)     Award prejudgment and post-judgment interest on all monetary recovery;

g)     Award Plaintiff his costs and attorney's fees incurred in prosecuting this action;

h)     Enter declaratory and injunctive relief finding Defendant's conduct unlawful and enjoining further violations; and

i)     Award such further relief as this Court deems just and proper.

## <u>COUNT III – RELIGIOUS DISCRIMINATION – FCRA</u>

40.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

41.    Plaintiff is a member of a protected class under the FCRA due to his religion.

42.    Defendant discriminated against Plaintiff by refusing to allow him to wear a religious head covering, sending him home from training, and terminating his employment.

43.    Defendant failed to provide Plaintiff with a reasonable religious accommodation.

44.    Defendant's conduct constitutes unlawful discrimination in violation of the FCRA.

45.    As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, and humiliation.

6

*WHEREFORE*, Plaintiff respectfully requests that this Court:

a)      Take jurisdiction over this matter and issue process;

b)      Award Plaintiff compensation for lost wages, benefits, and other remuneration;

c)      Order reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, award front pay;

d)      Award compensatory damages, including damages for emotional distress;

e)      Award punitive damages;

f)      Award prejudgment and post-judgment interest on all monetary recovery;

g)      Award Plaintiff his costs and attorney's fees incurred in prosecuting this action;

h)      Enter declaratory and injunctive relief finding Defendant's conduct unlawful and enjoining further violations; and

i)      Award such further relief as this Court deems just and proper.

### COUNT IV – RETALIATION – FCRA

46.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

47.     Plaintiff engaged in protected activity under the FCRA by requesting a religious accommodation and complaining of discrimination.

48.     Defendant retaliated against Plaintiff by terminating his employment immediately after his protected activity.

49.     Defendant's stated reason for termination was pretextual.

50.     Defendant's conduct constitutes retaliation in violation of the FCRA.

7

51.     As a direct and proximate result, Plaintiff has suffered damages, including lost wages, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a)      Take jurisdiction over this matter and issue process;

b)      Award Plaintiff compensation for lost wages, benefits, and other remuneration;

c)      Order reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, award front pay;

d)      Award compensatory damages, including damages for emotional distress;

e)      Award punitive damages;

f)      Award prejudgment and post-judgment interest on all monetary recovery;

g)      Award Plaintiff his costs and attorney's fees incurred in prosecuting this action;

h)      Enter declaratory and injunctive relief finding Defendant's conduct unlawful and enjoining further violations; and

i)      Award such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of October, 2025.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-321-4086
Facsimile No.: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

9

**IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION**

ZAVIER M. MILLER,

      Plaintiff,

                                      Case No.:

v.

                                      Division:

TPUSA, INC. d/b/a
TELEPERFORMANCE, USA,

      Defendant.

_____/

**NOTICE OF DESIGNATION OF E-MAIL
ADDRESSES FOR SERVICE OF COURT DOCUMENTS**

      Plaintiff, **ZAVIER M. MILLER**, by and through the undersigned counsel, files this Notice

of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial

Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used

for service of all court filings in this action: **csaba@wfclaw.com** and **tsoriano@wfclaw.com**.

      Dated this 16th day of October, 2025.

                        Respectfully submitted,

                        _____

                        **CHRISTOPHER J. SABA**
                        Florida Bar Number: 0092016
                        **WENZEL FENTON CABASSA, P.A.**
                        1110 North Florida Avenue, Suite 300
                        Tampa, Florida 33602
                        Main Number: 813-224-0431
                        Direct Dial: 813-321-4086
                        Facsimile: 813-229-8712
                        Email: csaba@wfclaw.com
                        Email: tsoriano@wfclaw.com
                        **Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

_____

**CHRISTOPHER J. SABA**

### IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
### IN AND FOR ST. LUCIE COUNTY, FLORIDA
### CIVIL DIVISION

ZAVIER M. MILLER,

       Plaintiff,

                            Case No.: **562025CA002204AXXXHC**

v.

                            Division:

TPUSA, INC. d/b/a
TELEPERFORMANCE, USA,

       Defendant.

_____/

### SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Civil Cover Sheet, Complaint, and Notice of Designation in this action on defendant:

### TPUSA, INC. d/b/a TELEPERFORMANCE, USA
### c/o C T CORPORATION SYSTEM, REGISTERED AGENT
### 1200 SOUTH PINE ISLAND ROAD
### PLANTATION, FL 33324

      Each defendant is required to serve written defenses to the complaint or petition on Christopher J. Saba, plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ~~XXXXXXXXXXXXXXXX~~ *10/17/2025*

| | |
|---|---|
| Printed: Christopher J. Saba<br>Attorneys for Plaintiff<br>Address: Wenzel Fenton Cabassa<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No.: 0092016 | Michelle R. Miller<br>As Clerk of the Court<br><br>By: _____<br>As Deputy Clerk<br>(772) 770-5185 |

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

Florida Rules of Civil Procedure Form 1.902(a), Summons (06/10)

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL, 34986, (772)807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION**

ZAVIER M. MILLER,

        Plaintiff,

Case No.: **562025CA002204AXXXHC**

v.

Division:

TPUSA, INC. d/b/a
TELEPERFORMANCE, USA,

        Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Civil Cover Sheet, Complaint, and Notice of Designation in this action on defendant:

**TPUSA, INC. d/b/a TELEPERFORMANCE, USA
c/o C T CORPORATION SYSTEM, REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on Christopher J. Saba, plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on October16, 2025.

| | |
|---|---|
| *[signature]* | Michelle R. Miller<br>As Clerk of the Court |
| Printed: Christopher J. Saba<br>Attorneys for Plaintiff<br>Address: Wenzel Fenton Cabassa<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No.: 0092016 | By: _____<br>As Deputy Clerk<br>(772) 770-5185 |

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL, 34986, (772)807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 233981591 E-Filed 10/20/2025 08:21:17 AM

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**IN AND FOR ST. LUCIE COUNTY, FLORIDA**


**ZAVIER M. MILLER,**                    **Case No.   562025CA002204**
      **Plaintiff,**

**vs.**

**TPUSA, INC. DBA**
**TELEPERFORMANCE, USA,**
        **Defendant.**
_____/


**CASE MANAGEMENT PLAN AND ORDER SETTING TRIAL**

The following is the Case Management Plan and Order Setting Trial in this cause.
**THE ORDERED DEADLINES AND REQUIREMENTS CONTAINED WITHIN THIS
CASE MANAGEMENT PLAN WILL BE STRICTLY ENFORCED.**

**IT IS THUS ORDERED AND ADJUDGED** as follows**:**

**Plaintiff/Petitioner is directed to serve a copy of this order upon each
Defendant/Respondent with the initial Complaint/Petition and Summons. Self-
represented/Pro Se litigants are held to the same obligations imposed upon
counsel.**

Jury Trial or Non-Jury Trial Designation:

**_X_   JURY TRIAL**

**____   NON-JURY TRIAL**


Case Track Assignment (Select one):

____   Expedited Track (case resolved within 12 months):

**_X_**   General Track (case resolved within 18 months):

____   Complex Track (case resolved within 30 months):
       (Case must be declared complex pursuant to Florida Rules of Civil
       Procedure, Rule 1.201)

1

| EVENT<br>(Events must be completed prior to the deadline in the next column) | MINIMUM REQUIRED DEADLINE<br>(Events may be completed earlier than the deadline, but not later. Motions for extension must be filed prior to expiration of a deadline. ) |
|---|---|
| Service of complaints and service of complaint under extensions | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 180 days from the date of filing of the complaint. |
| Motion to Amend Complaint, Answer and Defenses and/or Adding new parties | 270 days from the filing of the complaint. |
| Request for Compulsory Examination ("CME") | 150 days prior to e-docket |
| Completion of CME | 100 days prior to e-docket |
| Disclosure of Expert Witnesses with deposition dates (list e-filed) | Plaintiff: 90 days prior to e-docket<br><br>Defendant: 75 days prior to e-docket |
| Disclosure of Fact Witnesses (list e-filed) | All Parties: 75 days prior to e-docket |
| Last Discovery Requests[1] | 80 days prior to e-docket |
| Discovery deadline | 50 days prior to e-docket |
| Depositions Completed | 50 days prior to e-docket |
| Exhibit List (list e-filed) | 40 days prior to e-docket |
| Daubert Motions HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Filing and Service of Motions for Summary Judgment | 100 days prior to e-docket |
| Summary Judgment HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Motions in Limine HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Mediation Completed/Alternative Dispute Resolution | 30 days prior to e-docket |
| Motions to Strike-Witness/Exhibits HEARING Completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |

---

[1]. A request for any form of discovery, such as, for example only, interrogatories, production of documents, admissions, or depositions, must be made in time for the response to be due prior to the discovery deadline. An untimely discovery request will not justify an extension of the discovery or discovery hearing deadline.

| All Discovery Matters HEARING Completed | 45 days prior to e-docket |
|---|---|
| All Trial Matters/Objections to pleadings HEARING completed NO EXCEPTIONS TO DEADLINE | 30 days prior to e-docket |
| Attorney Pre-Trial Meeting | 45 days prior to e-docket |
| JOINT Pre-Trial Stipulation | Due with E-Docket Call Form 3 business days prior to E-docket call. |
| AGREED & DISPUTED Jury Instructions | Due by noon the Friday prior to your trial date. |
| E-Docket Call: E-Docket Call is the 1st business day of every month. THIS IS YOUR TRIAL ORDER. No other Trial Orders will be issued. See sections X and XII below for more information regarding E-docket and Trial Scheduling. | **MONTH/YEAR:**<br><br>**MARCH 2027** |
| Estimated Days of Trial and Number of Jurors Requested | 75 days prior to E-Docket Call a Notice of trial days and number of jurors requested shall be e-filed and emailed to SLCJudge4@circuit19.org. If notice is not received, the defaulted time reserved will be 5 days, with 32 jurors. Please note that jurors are ordered at least two months in advance of your trial date. |

        **The above-referenced schedule of deadlines will be strictly adhered to by the parties unless a change is otherwise agreed to by the parties <u>and</u> approved by the Court. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unforeseen issues. However, now that the Case Management Plan has been entered by the Court, procrastination in completing discovery, failure to file motions within sufficient time to have the hearing completed by the above deadline or the unavailability of counsel will not constitute good cause for a change to these deadlines. PLAN ACCORDINGLY AS THE ORDERED DEADLINES AND REQUIREMENTS CONTAINED WITHIN THIS CASE MANAGEMENT PLAN WILL BE STRICTLY ENFORCED! Please note that advising the Court "there is no hearing time available" is not "good cause." The Court has hearing time available for hearings prior to all deadlines contained in this case management plan, however electing to file a motion at a time when hearing time is not available before the ordered deadlines is a decision made by counsel and will not result in an extension of an ordered hearing completion date. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings, and/or dismissal of the action.**

## I.     MOTIONS AND HEARINGS

**These are deadlines. Do not wait until deadline to schedule hearings. Counsel and staff are responsible for reviewing the Court's online hearing schedule calendar to understand how far in advance a motion must be set for a hearing to be compliant with the ordered deadlines set forth herein.** Due to docket management constraints, absent good cause shown, motions will not be heard after the deadlines set forth herein. Failure to follow this requirement constitutes abandonment of the issue and waiver of the motion. Motions to compel discovery must be set at the time of the violation, not on the eve of trial, and will not be heard past the discovery deadline. Do not set for hearing any motions for new trial/rehearing. These motions are considered in camera by written motion. If you set such motion for hearing, it may be unilaterally cancelled by the Court.

## II.    DISCLOSURE OF WITNESSES

Subject to the provision of F.S. 57.071(2), which shall govern in the event of conflict, the parties are responsible to disclose the names and addresses of all potential expert witnesses, along with the nature of their expertise, and a brief statement of the opinion testimony that will or may be offered.  If a report has been created by the expert, a copy (if written) or a written summary (if oral) must also be provided within the same time frames.  All out-of- court testing, experiments or physical or mental examinations must be completed by an expert prior to the expert's deposition.

As a party discloses expert(s), it shall give in writing three (3) available deposition dates for each expert. Opposing counsel shall select one of the provided dates within five (5) business days from receipt of disclosure or must request new dates. Experts will be made available for deposition by the party retaining them without necessity of subpoena.

The names and addresses of all potential fact witnesses, and a summary of the nature of their testimony, must be disclosed.  Except for stating "all witnesses listed by other parties," witnesses must be specifically named. Incorporating "all persons deposed or named in depositions or evidence produced," or such similar provision, is not acceptable.  The depositions of all witnesses must be completed within the deadline set forth above.  All witnesses must be made available for depositions prior to the deposition cutoff date or they will not be permitted to testify.

## III.   EXTENSIONS OF TIME; MODIFICATION OF DEADLINES IN THIS CASE
##        MANAGEMENT PLAN ORDER

The deadlines in this case management plan order must and will be strictly enforced. Any motion to extend a deadline, amend this case management plan order, or alter an ordered trial period must comply with Fla. R. Civ. P. 1.200(e). Motions for extension of time that do not comply with Rule 1.200(e)(1) will not be considered by the court.  Additionally, any motion to modify the trial period set per this case management plan order must not only strictly comply with Rule 1.200(e) but also Rule 1.460. Failure to strictly comply with these rules will result in the motion being automatically denied.

## IV.    MEDIATION

Plaintiff's counsel must coordinate the mediation conference and must e-file a Notice of Mediation.  The following rules for mediation apply, and must be specifically listed in the Notice of Mediation:

a.    The personal appearance of counsel who will try the case <u>and</u> their clients (a management representative if a corporate party) with full authority to enter into a full and complete compromise and settlement is mandatory.  An insured party must have a fully authorized representative, not just the attorney for the insurance company, attend the mediation conference.  The insurance representative <u>must have written authority</u> to settle the case up to the policy limits, and must present the authority to the mediator at the beginning of the mediation session;

b.    The Court will impose sanctions for all parties that do not personally attend the conference.  The participants must be prepared to spend as much time as is necessary to settle the case or until an impasse is declared by the mediator;

c.    The parties must present a brief written summary of the facts and issues to the mediator five (5) days before the conference;

d.    All discussions, representations and statements made at the mediation conference are privileged as settlement negotiations; and

e.    Unless agreed otherwise by the parties, the mediator must be compensated equally by the parties.

## V.    ATTORNEYS PRE-TRIAL MEETING TO INCLUDE:

a.    Discuss settlement.
b.    Stipulate to as many facts and issues as possible.
c.    Prepare a Pre-Trial Stipulation.
d.    Examine all exhibits and documents which may be offered into evidence or used demonstratively. Electronic format is acceptable. It is not acceptable to view photocopies, descriptions or summaries of what the exhibit will be. Objections at trial that an exhibit is not what the proponent said it would be will not be sustained if opposing counsel did not observe the actual exhibit at the pre-trial meeting required by this section.

## VI.    PRE-TRIAL STIPULATION

No later than three (3) business days prior to your chosen E-Docket Call month, Plaintiff is responsible to 1) confirm that the Joint Pre-Trial Stipulation is executed by counsel for all parties, 2)  email to the Judicial Assistant and 3) file in the court file.  Counsel for all parties are charged with good faith cooperation in this regard, and if Plaintiff fails, Defendant is required to meet this requirement, noting Plaintiff's failure to do so in Defendant's submittal as set forth herein.  The Pre-Trial Stipulation must contain the following in separate paragraphs:

a.    A brief statement of the case to be read to the prospective jurors at the beginning of jury selection;

b.    A statement of agreements and stipulated facts which require no proof at trial;

c.    A statement of all issues of law and fact for determination at trial. A

statement that the issues to be tried are framed by the pleading in the case or something similar in insufficient;

d.  A specification of the damages and/or relief claimed;

e.  A statement of estimated trial time;

f.  Any other agreements;

g.  An identification of unusual issues, either evidentiary or procedural, that are expected to arise during trial;

h.  The number of peremptory challenges for each party;

i.  A list of the witnesses by name who may be called at trial, with their addresses, and a brief statement outlining the nature of each witness' testimony. Expert witnesses must be designated as such with a brief statement outlining the nature of the expertise and the opinion testimony to be offered. Witnesses not listed cannot be called at trial. Before and after witnesses are limited to no more than three for each party so long as the testimony is not cumulative; and expert witnesses are limited to no more than one in any one expert field. The Court may make such other rulings or limitations on witnesses, including experts, as the nature of the case and justice requires.

j.  A list of all exhibits (including depositions to be read) which may be introduced at trial, itemized as indicated below. Counsel must note a waiver of objection for those exhibits where appropriate. All exhibits must be marked and filed with the Clerk prior to trial as follows:

    1.  Plaintiff's list of all exhibits to be admitted in evidence without objection by the Defendant;

    2.  Defendant's list of all exhibits to be admitted in evidence without objection by the Plaintiff;

    3.  A list of all other exhibits of the Plaintiff, that are objected to by the Defendant, noting the specific evidentiary objections and the reasons therefore;

    4.  A list of all other exhibits of the Defendant, that are objected to by the Plaintiff, noting the specific evidentiary objections and the reasons therefore;

    5.  Exhibits must be reasonably specific in their description. "All documents produced during discovery" or such similar description is not acceptable.

Parties may not "reserve" objections. Failure to specify objections constitutes a waiver.

## VII.  WITNESSES AND EXHIBITS

Unless ordered by the Court upon good cause shown, at trial the parties will be strictly limited to exhibits (demonstrative and evidentiary) and witnesses listed, and objections specified, in the Pre-Trial Stipulation. All exhibits are to be pre-marked by the Clerk's office. For any questions regarding exhibits for trials, contact the Clerk's office at 772-462-6900. Any demonstrative aid that is to be used at trial must be marked by the clerk, exhibited to opposing counsel at the pre -trial meeting, and must
be listed on the Pre-Trial Stipulation. The Court will hear argument of any counsel

opposing the use of a demonstrative aid <u>prior</u> to the day of trial. No aids are to be shown to the jury without prior approval of the Court. Once exhibits are marked, either for identification or in evidence, they become the property of the Clerk of Court and may not be altered or removed from the courtroom. No exhibits are to be published or exhibited to the jury until admitted into evidence and authorized by the Court.

## VIII.   JURY INSTRUCTIONS

Jury instructions must be e-mailed to the Judicial Assistant no later than noon the Friday prior to trial. The final agreed jury instructions should not contain jury instruction titles for each proposed instruction, any citations, nor any information as to who requested the instruction, unless the instruction is not agreed to. All other preliminary instructions should have titles. The jury instructions should be personalized to use the parties' names instead of "Plaintiff" or "Defendant." Counsel must identify all jury instructions to which there is an objection by any party. Jury instructions to which there are objections will be ruled on by the Court during the charge conference. The Court realizes that the final form of the jury instructions and the verdict forms will depend upon the evidence received during the trial and the issues that remain at the conclusion of the presentation of the evidence, however the use of this procedure will reduce the amount of time needed for the charge conference. Final jury instructions and verdict forms must be submitted to the Court in printed form appropriate for submission to the jury.

## IX.   COURT REPORTER

Fl. R. Jud. Admin 2.535(b) requires that the party requesting a court reporter must arrange for and pay the reporting fees for any hearing or trial. This requirement shall not preclude taxation of costs as authorized by law.

## X.   E-DOCKET FORM

Completion of the attached E-Docket Form is required. <u>All counsel</u> shall discuss and agree regarding trial dates to be selected and **<u>one form</u>** is to be submitted. The form shall be signed by all counsel of record. **If you fail to submit the form as set forth above by the deadline, you will be set on the Trial Schedule at the will of the Court.** All forms are to be e-mailed to <u>SLCJudge4@Circuit19.org</u> by 5:00 p.m. 3 business days before the posted E-Docket Call date.

## XI.   CASE DISPOSITIONS

If your case settles immediately notify the Court's Judicial Assistant via e-mail (showing copies provided to all parties), ATTACHING AN ALREADY E-FILED NOTICE OF SETTLEMENT and DISMISSAL DOCUMENTS. Due to the volume of cases pending, counsel should <u>not</u> assume that filing documentation in the court file will satisfy this requirement. Counsel must also give notification by email.

## XII.    TRIAL SCHEDULING
Multiple cases will be set for each week of the trial period. Cases will be stacked during your selected week(s) according to the year that the case was filed, with the older cases being placed at the top of that week's trial schedule. The order in which the cases will be called up for trial will be determined at the monthly E-Docket Call and published on-line.

Counsel for the parties are responsible for monitoring whether the cases set ahead of this case are settled or continued.  Do not call the Judicial Assistant to determine the status of this case or priority of this case for the trial week.  It is unacceptable to announce to the Court that counsel is not ready to proceed to trial because counsel thought another case would proceed instead.  **If your case is called up and you do not appear or are not ready for trial, the case will be dismissed if you represent Plaintiff, or a default entered if you represent Defendant.  If trial does not occur because other cases have a higher priority and there is not enough time to try the case, the case will be rolled to another trial week or to the next monthly E-Docket Call.**

The top two cases moving forward as of 5:00 p.m. on the Friday preceding your trial are required to appear for trial.  All other cases will be rolled to another trial week or to the next E-Docket Call date.  If your case is rolled to the next E-Docket Call, you will be required to submit another Joint E-Docket Call Form for same.  The procedures, requirements and time limits imposed by this Agreed Case Management Plan and Order are not to be deemed modified, affected, extended or changed in any manner unless by order of the Court for good cause shown.  If an order extending the life of trial subpoenas is needed, a proposed order should be submitted to the Court.

## XIII.   MOTION TO CONTINUE
**Per the on-line Circuit Civil Division Guidelines and Procedures, any motion to continue must comply with Florida Rule of Civil Procedure 1.460, including requirement of signature by the party requesting continuance.  Simply filing a motion to continue will not suffice to continue the case. Your case will not be continued because both parties agree and note same on the E-Docket Call Form.**

## XIV.   COMPLIANCE REQUIRED
Any failure on the part of any counsel to act in good faith to comply with this Case Management Plan must be reported to the Court by the filing of a "Suggestion of Non-Compliance with Case Management Plan," served on all counsel, and set for hearing in a timely manner by the reporting party.  NONCOMPLIANCE WITH ANY PORTION OF THIS CASE MANAGEMENT PLAN AND ORDER MAY RESULT IN THE STRIKING OF THIS CASE, WITNESSES, EXHIBITS OR IMPOSITION OF SUCH OTHER SANCTIONS AS ARE JUST.

This Order is entered in conjunction with the online Circuit Civil Procedures and counsel is expected to be familiar with the same.

This Order shall constitute your order setting trial period and E-docket date for your case. An Order Setting Trial will be issued on your E-Docket Call date designating your trial week within the trial period.

**DONE AND ORDERED** in Fort Pierce, St. Lucie County, Florida on October 20, 2025.

eSigned by SCHWAB\CHARLES in 2025CA002204
on 10/20/2025 08:20:10 -S7LK42e

CHARLES A. SCHWAB
Circuit Judge

ATTACHMENT: E-DOCKET CALL FORM (to be submitted *with required attachments* to SLCJudge4@Circuit19.org by 5:00 p.m. 3 business days before the posted E-Docket Call.)

## A COPY OF THIS ORDER IS BEING SERVED ON THE FOLLOWING PARTIES VIA THE E-FILING PORTAL:

Christopher J. Saba, Esq. <csaba@wfclaw.com>, <tsoriano@wfclaw.com>, <rcooke@wfclaw.com>

**Plaintiff/Plaintiff's counsel shall serve any party to this action not listed on the above e-service list and shall file a Certificate of Mailing/Service into the court file immediately upon service – *no later than 3 business days from the date of service.***

**Florida Rules of Judicial Administration Rule 2.540**
**Notices to Persons with Disabilities**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SPANISH:**

**Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Court Administration, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.**

**KREYOL:**

**Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Administrasyon Tribunal-la, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.**

## E-DOCKET CALL FORM

To be submitted <u>with required Joint Pre-Trial Statement</u> to <u>SLCJudge4@Circuit19.org</u>
by 5:00 p.m. at least 3 business days before your posted E-Docket Call date

| | |
|---|---|
| Docket Call Date: | |
| For Trial Period Commencing: | |
| Case Style: | |
| Case Number: | |
| Preferred Trial Week(s) within trial period: | |
| Anticipated Length of Trial: | |
| Any trial conflicts and/or additional information pertinent to setting trial? | |
| Any non-compliance with pre-trial order?   If so, explain. | |
| Any outstanding motions? If so, explain. | |
| Date of Mediation: | |

| | PLAINTIFF(S) | DEFENDANT(S) |
|---|---|---|
| Attorney Initials: Required Joint Pre-Trial Stipulation attached | | |

| Contact information for all Counsel for Plaintiff(s), including name, email, and telephone: | Signature of Counsel: |
|---|---|
| | |
| | |
| | |

| Contact information for all Counsel for Defendant(s), including name, email, and telephone: | Signature of Counsel: |
|---|---|
| | |
| | |
| | |

| | |
|---|---|
| **From:** | eservice@myflcourtaccess.com |
| **Subject:** | SERVICE OF COURT DOCUMENT CASE NUMBER 562025CA002204AXXXHC MILLER, ZAVIER M vs. TPUSA INC |
| **Date:** | Monday, October 20, 2025 8:30:32 AM |

### Notice of Service of Court Documents

**Filing Information**

| | |
|---|---|
| Filing #: | 233981591 |
| Filing Time: | 10/20/2025 08:21:17 AM ET |
| Filer: | Judicial Batch Admin 999-999-9999 |
| Court: | Nineteenth Judicial Judicial Circuit in and for St. Lucie County, Florida |
| Case #: | 562025CA002204AXXXHC |
| Court Case #: | 2025CA002204 |
| Case Style: | MILLER, ZAVIER M vs. TPUSA INC |
| **Documents** | **Click on the file name below to download or print your document NOW. The link expires in 14 days** |

**Documents**

| Title | File |
|---|---|
| Judiciary Agreed Case Management Plan And Order Standard Track | 2025 Courts Case Management Plan and Order for 2025CA002204.pdf |

**E-service recipients selected for service:**

| Name | Email Address |
|---|---|
| Christopher J Saba | csaba@wfclaw.com |
| | tsoriano@wfclaw.com |
| | rcooke@wfclaw.com |

**E-service recipients not selected for service:**

| Name | Email Address |
|---|---|
| No Matching Entries | |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

**Document Access Link(s) will be active for 14 days (excluding weekends) after the Clerk accepts the submission or it is abandoned. In addition to access to the link for 14 days (excluding weekends), the documents will also be available, after acceptance by the Clerk, to counsel of record in the portal on the My Cases page, by clicking on the case number and then the document name, or by accessing the Clerk's website.**

If you are not associated with this case and wish to be removed, please click here to request to be removed from the E-service list.

Thank you,
The Florida Courts E-Filing Portal

## **RETURN OF SERVICE**

**State of Florida**                **County of Saint Lucie**                **Circuit Court**

Case Number: 562025CA002204AXXXHC

Plaintiff(s):
**ZAVIER M. MILLER**

vs.

Defendant(s):
**TPUSA, INC. d/b/a TELEPERFORMANCE, USA**

MSI2025008498

For:
Christopher J. Saba
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave.
Suite 300
Tampa, FL 33602

Received by MercuryServe, Inc on the 10th day of November, 2025 at 3:05 pm to be served on **TPUSA, Inc. d/b/a Teleperformance, USA c/o CT Corporation System, as Registered Agent, 1200 S. Pine Island Rd., Plantation, FL 33324**.

I, Roy Bates, do hereby affirm that on the **11th day of November, 2025** at **3:17 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint and Demand For Jury Trial, Final Demand Letter dated 11/10/25, with Obligations, Civil Cover Sheet, and Notice of Designation of Email Addresses for Service of Court Documents** with the date and hour of service endorsed thereon by me, to: **Monicka Creary** as **Intake Specialist** for **TPUSA, Inc. d/b/a Teleperformance, USA**, at the address of: **1200 S. Pine Island Rd., Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**Roy Bates**
1383

**MercuryServe, Inc**
**400 N Tampa Street**
**Suite 2820**
**Tampa, FL 33602**
**(813) 223-5400**

Our Job Serial Number: MSI-2025008498

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

| From: | eservice@myflcourtaccess.com |
|---|---|
| Subject: | SERVICE OF COURT DOCUMENT CASE NUMBER 562025CA002204AXXXHC MILLER, ZAVIER M VS TPUSA INC |
| Date: | Monday, December 1, 2025 11:48:15 AM |

### Notice of Service of Court Documents

**Filing Information**

| | |
|---|---|
| Filing #: | 236718423 |
| Filing Time: | 12/01/2025 11:47:49 AM ET |
| Filer: | Christopher J Saba 813-321-4086 |
| Court: | Nineteenth Judicial Circuit in and for St. Lucie County, Florida |
| Case #: | 562025CA002204AXXXHC |
| Court Case #: | 2025CA002204 |
| Case Style: | MILLER, ZAVIER M VS TPUSA INC |
| **Documents** | **Click on the file name below to download or print your document NOW. The link expires in 14 days** |

**Documents**

| Title | File |
|---|---|
| Service Documents Return Of Service Served | Miller EFILED Return of Service 11.11.2025.pdf |

**E-service recipients selected for service:**

| Name | Email Address |
|---|---|
| Christopher J Saba | csaba@wfclaw.com |
| | tsoriano@wfclaw.com |
| | rcooke@wfclaw.com |

**E-service recipients not selected for service:**

| Name | Email Address |
|---|---|
| Judicial Batch Admin | ********** |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

**Document Access Link(s) will be active for 14 days (excluding weekends) after the Clerk accepts the submission or it is abandoned. In addition to access to the link for 14 days (excluding weekends), the documents will also be available, after acceptance by the Clerk, to counsel of record in the portal on the My Cases page, by clicking on the case number and then the document name, or by accessing the Clerk's website.**

If you are not associated with this case and wish to be removed, please click here to request to be removed from the E-service list.

Thank you,
The Florida Courts E-Filing Portal